**Electronically Filed
Supreme Court
SCWC-20-0000153
29-APR-2022
09:44 AM
Dkt. 13 OPA**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Petitioner/Plaintiff-Appellant,

vs.

JOHN KEONI JARDINE, also known as JOHN KEONI JARDINE III
and JOHN JARDINE III,
Respondent/Defendant-Appellee.

SCWC-20-0000153

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-20-0000153; CR. NO. 1CPC-19-0001233)

APRIL 29, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY NAKAYAMA, J.

This case calls upon the court to determine whether a charging document alleging that a defendant committed second-degree assault by intentionally, knowingly, or recklessly causing substantial bodily injury must provide the defendant with the statutory definition of "substantial bodily injury." As this court has explained, where the definition of an offense

includes generic terms, it must state the species and descend to particulars.

Here, the term "substantial bodily injury" is a generic term. A charging document must therefore identify the species of "substantial bodily injury" alleged, and provide a defendant with particulars. The Intermediate Court of Appeals (ICA) therefore correctly determined that the State of Hawaiʻi (the State) should have provided the statutory definition of "substantial bodily injury" in the charging document at issue. We therefore affirm the ICA's judgment.

## I.   BACKGROUND

### A.   Factual Background

On the evening of August 25, 2019, Paul and Tish Costa (collectively, the Costas; individually, Paul or Tish) and Respondent/Defendant-Appellee John Keoni Jardine (Jardine) resided in two separate units at a residence on Nalu Street in Waimānalo. The Costas lived in the unit that fronted the street, while Jardine lived in the rear unit.

Around 8:45 P.M. that night, Paul and Jardine engaged in an altercation in front of the Costas' unit. Although it is unclear how the confrontation began, it is undisputed that Jardine struck Paul in the head using a metal baseball bat. Paul allegedly suffered a "left occipital skull fracture" and an "epidural hematoma, pneumocephale."

**B.    Circuit Court Proceedings.**[1]

On August 28, 2019, Petitioner/Plaintiff-Appellant the State charged Jardine by felony information.  The body of the charging document read:

> The Department of the Prosecuting Attorney charges:
>
> On or about August 25, 2019, in the City and County of Honolulu, State of Hawaii, JOHN KEONI JARDINE, also known as John Keoni Jardine III and John Jardine III, did intentionally, knowingly, or recklessly cause substantial bodily injury to Paul Costa, and/or did intentionally or knowingly cause bodily injury to Paul Costa with a dangerous instrument, thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(1)(a) and/or Section 707-711(1)(d) of the Hawaii Revised Statutes.[2]

On January 27, 2020, Jardine filed a Motion to Dismiss Felony Information Based Upon a Defective Charge.  Jardine alleged that the felony information did not "provide notice as to one of the elements of the offense, to wit, the definitions of a 'substantial bodily injury' or 'dangerous instrument', and therefore the charge is a defective charge."  According to

---

[1]    The Honorable Karen T. Nakasone presided.

[2]    Hawai'i Revised Statutes (HRS) § 707-711 (Supp. 2016) provides in relevant part:

> Assault in the second degree. (1) A person commits the offense of assault in the second degree if:
>
>> (a)  The person intentionally, knowingly, or recklessly causes substantial bodily injury to another; [or]
>>
>> . . .
>>
>> (d)  The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

Jardine, the felony information should have included the following statutory definition to be effective:

> "Substantial bodily injury" means bodily injury which causes
>
> (1) A major avulsion, laceration, or penetration of the skin;
> (2) A burn of at least second degree severity;
> (3) A bone fracture;
> (4) A serious concussion; or
> (5) A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

HRS § 707-700 (2014).

The State opposed Jardine's motion. Citing State v. Mita, 124 Hawaiʻi 385, 391-92, 245 P.3d 458, 464-65 (2010), the State responded that it only needs to provide a statutory definition "where 1) the definition creates an additional element of an offense and 2) the term itself does not provide a person of common understanding with fair notice of that element." Here, the State argued, the term "substantial bodily injury" did not include any hidden essential element.

Following a hearing on February 18, 2020, the circuit court granted Jardine's motion and dismissed the case without prejudice. The circuit court reasoned that "the lay or common understanding of a 'substantial' bodily injury does not convey the extent or limits of the five specific types of 'substantial' bodily injury under the statutory definition," and so the charging document should have included the five statutory categories. In turn, the felony information "did not provide

4

[Jardine] with adequate notice and must be dismissed without prejudice."

## C.    ICA Proceedings

The State appealed the circuit court's order granting Jardine's motion to dismiss to the ICA.

On appeal, the State reiterated its assertion that it did not need to include the statutory definition of "substantial bodily injury" because the definition did not create any additional essential element.  The State added that the statutory definition of "substantial bodily injury" is readily comprehensible to a person of common understanding because "[t]he common meaning of the term 'substantial bodily injury' is sufficiently broad enough to encompass the component parts of its definition."

Jardine responded that the definition of "substantial bodily injury" is an essential element of a charge of assault in the second degree because it identifies the requisite "result-of-conduct element."  Jardine further argued that the statutory definition of "substantial bodily injury" is not readily comprehensible because the common understanding of the term is "immensely broad, expansive, and would include more conduct than the statutory definition."

On June 22, 2021, the ICA issued a summary disposition order affirming the circuit court's order granting Jardine's

motion to dismiss.  The ICA reasoned that "where the statutory definition of an element of the crime 'does not necessarily coincide with its common meaning[,]' the statutory definition must be included in the charge."  Applying this standard to the statutory definition of "substantial bodily injury," the ICA explained that "the common meaning of 'substantial bodily injury' is broader than the statutory definition, [so] the charge against Jardine was defective."  The ICA therefore affirmed the circuit court's order.

This application for writ of certiorari followed.

## II.  STANDARD OF REVIEW

### A.  Sufficiency of the Charge

The question of whether a charge sets forth all the essential elements of a charged offense is a question of law that this court reviews de novo under the right/wrong standard.  State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) (quoting State v. Wells, 78 Hawaiʻi 373, 379, 894 P.2d 70, 76 (1995)).

## III. DISCUSSION

On certiorari, the State seeks clarification of whether a document charging a defendant with second-degree assault under HRS § 707-711(a) or (d) should include the statutory definitions of "substantial bodily injury" and "dangerous instrument."  We hold that "substantial bodily

6

injury" is a generic term for which the State must include the statutory definition by stating the species of injury allegedly inflicted, and/or a "to wit" clause specifying the alleged injury. We therefore affirm the ICA's summary disposition order on a different ground.[3]

**A.  The State must include the statutory definition of "substantial bodily injury" in a charge of second-degree assault under HRS § 707-711(a).**

Pursuant to article I, section 14 of the Hawaiʻi Constitution, an accused possesses the right "to be informed of the nature and cause of the accusation" against him. In considering whether a charging document complies with this constitutional requirement, this court has stated that

> It is well settled that an "accusation must sufficiently allege all of the essential elements of the offense charged," a requirement that "obtains whether an accusation is in the nature of an oral charge, information, indictment, or complaint[.]" State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977). Put differently, the sufficiency of the charging instrument is measured, inter alia, by "whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he [or she] must be prepared to meet[.]" State v. Wells, 78 Hawaiʻi 373, 379-80, 894 P.2d 70, 76-77 (1995) (citations and internal quotation marks omitted) (brackets in original). "A charge defective in this regard amounts to a failure to state an offense, and a conviction based upon it cannot be sustained, for that would constitute a denial of due process." Jendrusch, 58 Haw. at 281, 567 P.2d at 1244 (citations omitted).

State v. Merino, 81 Hawaiʻi 198, 212, 915 P.2d 672, 686 (1996).

---

[3]    Because the ICA did not reach the merits of the State's arguments on the statutory definition of "dangerous weapon," we decline the State's invitation to address the same.

Throughout these proceedings, the parties have disputed whether the State was required to include the full statutory definition of the term "substantial bodily injury" in the charging document to inform Jardine of the nature and cause of the accusation against him.  However, this inquiry falls one step short because including the full statutory definition would not sufficiently apprise the defendant of what he must be prepared to meet.  Wells, 78 Hawai'i at 379-80, 894 P.2d at 76-77.

> In general, "[w]here the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient."  [Jendrusch, 58 Haw. at 282, 567 P.2d at 1245]; [State v. Cummings, 101 Hawai'i 139, 143, 63 P.3d 1109, 1113 (2003)] (citations omitted); see [Hawai'i Rules of Penal Procedure] Rules 5 and 7 (2007).
> However, "where the definition of an offense . . . includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species . . . [and] descend to particulars."  State v. Israel, 78 Hawai'i 66, 73, 890 P.2d 303, 310 [(1995)] (quoting Russell v. United States, 369 U.S. 749, 765 (1962)).

Wheeler, 121 Hawai'i at 393, 219 P.3d at 1181.

The statutory definition of "substantial bodily injury" is generic.  A term is "generic" if it "relat[es] to or [is] characteristic of a whole group or class."  Webster's Seventh New Collegiate Dictionary 348 (1965).[4]  As statutorily

---

4  The New Oxford American Dictionary similarly defines "generic" as "characteristic of or relating to a class or group of things; not specific."  The New Oxford American Dictionary 706 (2001).  The Random House Webster's unabridged dictionary defines "generic" as "of, applicable to, or referring

defined, "substantial bodily injury" is a generic term that covers five "classes" of injuries:

> (1) A major avulsion, laceration, or penetration of the skin;
> (2) A burn of at least second degree severity;
> (3) A bone fracture;
> (4) A serious concussion; or
> (5) A tearing, rupture, or corrosive damage to the esophagus, viscera, or other internal organs.

HRS § 707-700.  Thus, it is incumbent upon the State to "state the species . . . [and] descend to particulars."  Israel, 78 Hawaiʻi at 73, 890 P.2d at 310; see also United States v. Donovan, 339 F.2d 404, 407-08 (7th Cir. 1964) (explaining that the charging document must specify the offense charged "where the statute . . . proscribes different types of conduct in the disjunctive.").  Applied to the present case, this standard requires the State to identify the species of injury by alleging that the alleged substantial bodily injury consisted of "a bone fracture" and "a serious concussion" in order to provide sufficient notice.  See Wells, 78 Hawaiʻi at 379-80, 894 P.2d at 76-77.

Furthermore, it would be prudent for the State to incorporate a "to wit" clause identifying the specific injuries suffered – here, a "left occipital skull fracture" and an "epidural hematoma, pneumocephale" – in charges alleging that a

---

to all the members of a genus, class, group, or kind; general."  Random House Webster's unabridged dictionary 796 (2d ed. 2001).

9

defendant has caused substantial bodily injury. See State v. Pacquing, 139 Hawaiʻi 302, 308, 389 P.3d 897, 903 (2016) (holding the State should have "at least specified in the charge the items of information that allegedly were unlawfully possessed."). As we have previously noted, "the charge 'must be specific enough to ensure that the grand jury [or the court before which a preliminary hearing is held] had before it all the facts necessary to find probable cause.'" Israel, 78 Hawaiʻi at 70, 890 P.2d at 307 (quoting State v. Daly, 4 Haw. App. 52, 54 n.6, 659 P.2d 83, 85 n.6 (1983)). The inclusion of such information would apprise a defendant of what the defendant must be prepared to meet. Wells, 78 Hawaiʻi at 379-80, 894 P.2d at 76-77.

This detailed approach has been endorsed by other courts. For instance, federal courts have required that statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged," when the "very core of criminality" "depends so crucially upon such a specific identification of fact." Russell, 369 U.S. at 765 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); see also, e.g., United States v. Williamson, 903 F.3d 124, 131-32 (D.C. Cir. 2018); United States v. Quinn, 359 F.3d 666, 672-73 (4th Cir. 2004). The Colorado

Supreme Court has similarly adopted a requirement that "the indictment must answer the questions of 'who, what, where, and how.'" People v. Tucker, 631 P.2d 162, 163-64 (Colo. 1981) (En Banc).

In light of the foregoing, the ICA correctly determined that the State should have included the statutory definition of substantial bodily injury in the charging document. However, we affirm because "substantial bodily injury" is a generic term. We therefore do not address the issue of whether the statutory definition of "substantial bodily injury" coincides with its common meaning or the merits of the ICA's reasoning that "where the statutory definition of an element of the crime 'does not necessarily coincide with its common meaning,' the statutory definition must be included in the charge." Agsalud v. Lee, 66 Haw. 425, 430, 664 P.2d 734, 738 (1983).

## B. The State waived its argument that discovery materials provided Jardine with actual knowledge of the charges against him.

During oral argument, the State argued that even if the charging document was insufficient, the discovery materials it gave Jardine provided him with sufficient notice of the charges against him. Although the State made this claim before the circuit court, it expressly abandoned any such argument before the ICA. Furthermore, the State did not brief the matter

11

before this court. We therefore do not address the merits of the State's actual knowledge argument. Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7) (2016).

## IV. CONCLUSION

In light of the foregoing, the circuit court correctly determined that the felony information against Jardine was insufficient because it did not state the species of Paul's substantial bodily injuries or descend to the particulars of Paul's injuries. <u>Israel</u>, 78 Hawaiʻi at 73, 890 P.2d at 310. In turn, the ICA did not err in affirming the circuit court's decision.

Accordingly, we affirm the ICA's July 20, 2021 Judgment on Appeal, which affirmed the circuit court's February 20, 2020 Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss Felony Information Based Upon a Defective Charge, Filed 1/27/20.

Stephen K. Tsushima
for petitioner

Emmanuel G. Guerrero
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

