*** FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-21-0000328
07-OCT-2022
08:25 AM
Dkt. 5 OP

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---o0o---

STATE OF HAWAI‘I, Respondent/Plaintiff-Appellant,

vs.

RANDY C. GARCIA, Petitioner/Defendant-Appellee,

and

CHRISTOPHER REAMS, Defendant.

SCWC-21-0000328

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000328; CASE NO. 1CPC-20-0000586)

OCTOBER 7, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY EDDINS, J.

Does an information that tracks the language of Hawai‘i Revised Statutes § 708-852 (2014), forgery in the second degree, and contains each element of that offense also need to define forgery's key element, "intent to defraud"?

It does.  Otherwise the information omits the offense's dual states of mind.

The State argues the first word of "*intent* to defraud" informs a defendant of forgery's *state* of mind.

Forgery though has another state of mind.  "'Intent to defraud' means: (1) An intent to use deception to injure another's interest which has value; or (2) *Knowledge* by the defendant that the defendant is facilitating an injury to another's interest which has value."  HRS § 708-800 (2014) (emphasis added).

An information that is missing a crime's proper states of mind fails to state an offense and violates due process.  Because forgery has two states of mind - intentionally and knowingly - an information that alleges forgery must define intent to defraud.

Here, because the information omits forgery in the second degree's states of mind, we hold it fails to state an offense as to counts 4 – 7 and violates the defendant's right to due process.

**I.**

Randy Garcia argues that the information charging him with four counts of forgery in the second degree is defective because

it leaves out forgery's states of mind, intentionally and knowingly.[1]

The State counters that its information tracks the language of the offense, HRS § 708-852.[2] It argues that intent to defraud is an element, understandable to the common person, and gives notice to Garcia of forgery's state of mind.

The Circuit Court of the First Circuit granted Garcia's pretrial motion to dismiss counts 4 - 7 without prejudice.[3]

---

[1] Garcia moved to dismiss counts 4 – 7, all forgery in the second degree charges. The counts differ only in the factual details. Count 4 is representative:

> COUNT 4: On or about October 9, 2019, in the City and County of Honolulu, State of Hawaiʻi, RANDY GARCIA did, with intent to defraud, utter a forged instrument, to wit, First Hawaiian Bank check #1877, drawn on the account of EAH Inc., made payable to Randy Garcia in the amount of Two Thousand Two Hundred Fifty Dollars ($2,250.00), which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status, thereby committing the offense of Forgery in the Second Degree, in violation of Section 708-852 of the Hawaiʻi Revised Statutes.

[2] HRS § 708-852(1)(a), forgery in the second degree reads:

> A person commits the offense of forgery in the second degree if, with the intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.

[3] The Honorable Kevin A. Souza presided.

3

"[I]ntent can't simply be pulled out of the charging instrument" the circuit court explained, "when the broader language is intent to defraud, which is a statutorily defined term which could mean intentionally or knowingly, as according to HAWJIC[4] and your own proposed jury instruction to this court." The court did not buy the prosecution's argument that the information was fine because it tracked HRS § 708-852's language: "it doesn't necessarily mean that it gives the defendant proper notice as to what state of mind" to defend against.

The State appealed.

The Intermediate Court of Appeals agreed with the State. An information that tracked forgery in the second degree's offense language did not also need to recite the statutory

---

[4]    The second element to Hawaiʻi Standard Jury Instructions – Criminal 10.34 instructs the jury that the offense's state of mind could be intentionally or knowingly. The instruction reads in part:

> There are two material elements of the offense of Forgery in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt[:]
>
> . . . .
>
> 2. That the Defendant did so with the intent to defraud. "Intent to defraud" means that the Defendant either (a) intended to use deception to injure another person's interest, which had value, in which case the required state of mind is "intentionally," or (b) knew that he/she was facilitating an injury to another person's interest, which had value, in which case the required state of mind is "knowingly."

4

definition of intent to defraud.  Relying on State v. Mita,[5] the ICA said "the State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element."  Because it believed intent to defraud is consistent with its commonly understood meaning and its statutory meaning does not create an additional element, the ICA validated the information.

We side with Garcia.

This is a missing state of mind case.  Whether the statutory definition of "intent to defraud" is consistent with its commonly understood meaning, or whether it creates an additional element, doesn't matter.  Garcia's information does not identify forgery's states of mind, intentionally and knowingly.  Counts 4 - 7 therefore fail to state an offense and violate Garcia's right to due process.

## II.

Notice plays the central role in evaluating the sufficiency of a charging document.  Article I, section 5 of the Hawaiʻi Constitution (right to due process) and article I, section 14 of the Hawaiʻi Constitution (right "to be informed of the nature and cause of the accusation") inspire the criteria we use to measure

---

[5]    124 Hawaiʻi 385, 392, 245 P.3d 458, 465 (2010).

the adequacy of a charge: charging documents must include the elements of an offense and sufficiently describe the nature and cause of the accusation.  See, e.g., State v. Wheeler, 121 Hawaiʻi 383, 391, 219 P.3d 1170, 1178 (2009) (holding that "the sufficiency of the charging instrument is measured, *inter alia*, by whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [they] must be prepared to meet") (cleaned up).[6]

Here, the information includes "intent to defraud" and forgery in the second degree's other elements.  The information also adequately alleges facts alongside statutory language.

But the information forgets one crucial component to a constitutionally sound charge: it does not specify the offense's proper states of mind.

Forgery has two states of mind.[7]  HRS § 708-800 is titled "Definitions of terms in this chapter."  There, intent to defraud is defined: "Intent to defraud" means "(1) An intent to use deception to injure another's interest which has value; or

---

[6]    Wheeler cites State v. Wells, 78 Hawaiʻi 373, 380, 894 P.2d 70, 77 (1995), which describes the two principal criteria to measure the sufficiency of a charging document.  The second criterion guards against double jeopardy: "if any other proceedings are brought against [the defendant] for a similar offense, whether the record shows with accuracy as to what extent [they] may plead a former acquittal or conviction."  (Cleaned up.)

[7]    HRS Chapter 708 has three grades of forgery: forgery in the first degree, HRS § 708-851 (2014); forgery in the second degree, HRS § 708-852; and forgery in the third degree, HRS § 708-853 (2014).

(2) <u>Knowledge</u> by the defendant that the defendant is facilitating an injury to another's interest which has value." (Emphases added.)

Hawaiʻi's forgery law is an outlier.  The Model Penal Code and most jurisdictions embed the definition of intent to defraud in forgery's offense language.[8]  HRS §§ 708-851 – 53 do not.  The meaning of "intent to defraud" is disconnected from the offense language.

"Tracking the language" of HRS § 708-852 thus does not alert an accused about forgery in the second degree's dual states of mind.  A defendant does not learn the offense's intentional *and* knowing states of mind after reading its statutory language.  Only if defendants trace the meaning of intent to defraud to HRS § 708-800 will they discover <u>intent</u> to defraud has a knowing state of mind.[9]

---

[8]    MPC § 224.1 Forgery reads in part: "A person is guilty of forgery if, <u>with purpose</u> to defraud or injure anyone, or <u>with knowledge</u> that he is facilitating a fraud or injury to be perpetrated by anyone, the actor: . . . (c) utters any writing which he knows to be forged . . . ." (Emphases added.) Most jurisdictions follow the Model Penal Code's approach.  These jurisdictions define intent to defraud in the offense's language, not in a standalone definition statute.  <u>See, e.g.,</u> Del. Code Ann. tit. 11, § 861 (West) ("A person is guilty of forgery when, intending to defraud, deceive or injure another person, or knowing that the person is facilitating a fraud or injury . . ."); N.J. Stat. Ann. § 2C:21-1 (West) ("A person is guilty of forgery if, with purpose to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone . . ."); 18 Pa. Stat. and Cons. Stat. Ann. § 4101 (West) ("A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor: . . . utters any writing which he knows to be forged . . .").

[9]    It makes sense to trace the definition of intent to defraud to HRS § 708-850 (2014), "Definitions of terms in this part."  [Part VI, Forgery and

7

The State and ICA cast *intent* to defraud as an element with a single built-in state of mind, intentionally.  The ICA says further explanation is unnecessary, the intent to defraud element subsumes forgery's state of mind: "The intent requirement itself is an element of the offense."[10]

We disagree.

First, intent is not "itself" an element of the offense. Intent is a state of mind, not an element.[11]  It is an essential fact that must be pled and proved.  See State v. Maharaj, 131 Hawai'i 215, 219, 317 P.3d 659, 663 (2013) (observing that "state of mind is an 'essential fact' that must be pled under HRPP Rule 7(d)" and that "if a charge is insufficient under HRPP Rule 7(d), then a conviction based upon the charge cannot be

---

Related Offenses].  But there a defendant will not find it.  HRS § 708-850 does *not* define "intent to defraud."  It does, however, define "falsely alter," "falsely complete," "falsely endorse," "falsely make," "forged instrument," and "utter."

[10]    To support its conclusion, the ICA recalled its decision in State v. Anzai, No. CAAP-13-0000068, 2015 WL 2170449 (Haw. App. May 8, 2015) (SDO), cert. rejected, No. SCWC-13-0000068, 2015 WL 5123489 (Haw. August 28, 2015), where it reasoned: "The statutory definition of 'intent to defraud,' does not create an additional element of the offense.  The intent requirement itself is an element of the offense.  Similar to the crime charged in Mita, the definition of 'intent to defraud' is consistent with its commonly understood meaning and sufficiently provided [Defendant] with notice of what was being charged."  Id. at *1.

The ICA concluded that Garcia's information – with its intent to defraud element - apprised Garcia of forgery in the second degree's state of mind. "The charging document was required to allege Garcia's state of mind.  The State alleged that Garcia acted with '*intent* to defraud.'"

[11]    HRS § 702-204 (2014) instructs "a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense."

8

sustained, for that would constitute a denial of due process" (cleaned up)); <u>State v. Nesmith</u>, 127 Hawaiʻi 48, 56, 276 P.3d 617, 625 (2012) (holding that "state of mind . . . though not an 'element of an offense'" must be included in a charge to satisfy due process).

Second, an intentional state of mind – as HRS § 708-800 makes clear – is not forgery's *only* state of mind. The intent to defraud element may also be proved if a defendant *knowingly* "facilitat[es] an injury to another's interest which has value."[12]

State of mind is a component of every element in every crime. If the proper states of mind are not alleged, the charging document fails to state an offense and is constitutionally deficient. <u>See</u> <u>State v. Elliott</u>, 77 Hawaiʻi 309, 313, 884 P.2d 372, 376 (1994) (holding a charge that omits the crime's requisite state of mind cannot reasonably be construed to state an offense).[13]

---

[12]    This court recognized as much in <u>State v. Shinyama</u>, 101 Hawaiʻi 389, 69 P.3d 517 (2003). We observed "intent to defraud," as defined by HRS § 708-800, "prescribes two alternative means of establishing the state of mind requisite to" second degree theft by shoplifting. <u>Id.</u> at 391, 69 P.3d at 519. Because the statutory definition (with its intentional and knowing states of mind) was "[c]onspicuously absent" from the jury instruction, we held that the court erred by failing to instruct the jury about both states of mind. <u>Id.</u> at 398, 69 P.3d at 526.

[13]    See also <u>State v. Apollonio</u>, 130 Hawaiʻi 353, 359, 311 P.3d 676, 682 (2013) (holding that "[a] charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violates due process."); <u>United States v. Carll</u>, 105 U.S. 611, 613 (1881) (concluding "knowledge that the

Here, because the information does not define intent to defraud, and thus does not specify the *states* of mind for forgery in the second degree, the information violates article I sections 5 and 14 of the Hawaiʻi Constitution.

### III.

We turn to Garcia's other issue.

Garcia insists the information is also defective because it does not define "utter," "written instrument," "forged instrument," "falsely make," "falsely complete," "falsely endorse," and "falsely alter." Because the meaning of these terms is unintuitive, Garcia maintains, counts 4 – 7 should have defined them. He says the information's omission of these definitions violated his right to due process.

Since the issue may resurface, we address Garcia's argument. Garcia is wrong.

Generally if a charging document tracks an offense's statutory language, then the State doesn't need to load it with definitions of words defined elsewhere. See Mita, 124 Hawaiʻi at 391–92, 245 P.3d at 464–65. Reproducing definition after definition convolutes charging documents. Plus, statutory definitions do not necessarily make incomprehensible words

---

instrument is forged and counterfeited is essential to make out the crime" and thus omitting "that the defendant knew the instrument which he uttered to be false, forged, and counterfeit, fails to charge him with any crime").

10

"readily comprehensible to persons of common understanding."
See id.

Charging documents are often rife with superfluous and unwieldy statutory language. When it comes to informing defendants of the accusations they face, this legalese (though sometimes unavoidable) is no substitute for meaningful factual information about the charged violation. Details about the who, what, where, when, and how of the alleged offense help ensure defendants are properly informed of the charge they must defend against, and this court endorses these facts' inclusion in charging documents. See State v. Jardine, 151 Hawaiʻi 96, 101, 508 P.3d 1182, 1187 (2022); Hawaiʻi Rules of Penal Procedure Rule 7(d) ("The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged.")

Garcia's information identifies First Hawaiian Bank check numbers, dates, amounts, and account holders. It alleges the checks were "made payable to Randy Garcia." These facts alongside the crime's statutory language clued Garcia to the elements of the crime and the nature and cause of what he had to defend against. We conclude Garcia had fair notice. The

11

information did not need to define terms other than "intent to defraud."[14]

## IV.

We vacate the ICA's Judgment on Appeal.  We affirm the Circuit Court of the First Circuit's April 21, 2021 Findings of Fact, Conclusions of Law, and Order Granting Defendant Garcia's Motion to Dismiss Counts 4 – 7 for Failure to Charge an Offense.

Phyllis J. Hironaka
for petitioner

Brian R. Vincent
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



---

[14]     Still, we feel it prudent for a charging document to identify that an offense's terms are defined elsewhere – in this case, HRS § 708-850.

12