**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000885**
**24-FEB-2023**
**08:19 AM**
**Dkt. 82 SO**

NO. CAAP-18-0000885

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
CAROL MANIACI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0000506)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Carol **Maniaci** appeals from the **"Judgment of Conviction** and Probation Sentence" entered by the Circuit Court of the First Circuit on September 26, 2018.[1] For the reasons explained below, we vacate in part the Judgment of Conviction and remand for further proceedings consistent with this summary disposition order.

On April 24, 2017, Maniaci assaulted two Saks Fifth Avenue employees who were attempting to detain her after she allegedly shoplifted a handbag from the store. On April 26, 2017, Maniaci was charged by felony information and non-felony complaint with Theft in the Second Degree in violation of Hawaii

---

[1] The Honorable Glenn J. Kim presided.

Revised Statutes (**HRS**) § 708-831(1)(b)[2] and two counts of Assault in the Third Degree. Only the theft charge is at issue in this appeal.

Jury trial was set for Monday, April 16, 2018. Motions in limine were heard on April 13, 2018 (the Friday before trial). When the hearing began, Maniaci orally moved to dismiss. She challenged the sufficiency of the theft charge, citing State v. Gaub, No. CAAP-15-0000547, 2017 WL 213153 (Haw. App. Jan. 18, 2017) (mem.). The circuit court was familiar with the Gaub memorandum opinion, but the deputy prosecuting attorney (**DPA**) was not. The circuit court called a short recess to allow the DPA to read the case.

When proceedings resumed, the State orally moved to amend the theft charge. The circuit court granted leave to amend. An amended information and complaint was filed later that day.[3]

On Monday, April 16, before jury selection began, the circuit court sua sponte reconsidered its decision:

> So actually the way the State originally charged [(theft in the second degree)] . . . is correct.
>
> So I'm going to reconsider my ruling. I'm striking the amended information filed on April 13th . . . . I'm going to reinstate the -- the felony information which was filed back on April 26, 2017, because as far as I'm concerned, it's correct . . . . And I'm going to deny the original defense motion to dismiss on different grounds now.[4]

---

[2] HRS § 708-831 (Supp. 2016) provides, in relevant part:

(1) A person commits the offense of theft in the second degree if the person commits theft:

. . . .

(b) Of property or services the value of which exceeds $750[.]

[3] Only the theft count was amended.

[4] The record on appeal — although clear about the oral motions and rulings — does not contain written orders denying Maniaci's oral motion to dismiss, granting the State's oral motion to amend or the reconsideration of
(continued...)

2

On April 19, 2018, the jury found Maniaci guilty as charged on all counts of the original information and complaint. The Judgment of Conviction was entered on September 26, 2018. This appeal followed.

Maniaci raises four points of error. Two are dispositive.

**1.** Maniaci contends that the circuit court erred by denying her motion to dismiss, because the felony information failed to set forth all essential elements of the theft charge. This presents a question of law reviewed de novo under the right/wrong standard. State v. Jardine, 151 Hawaiʻi 96, 99, 508 P.3d 1182, 1185 (2022).

Count 1 of the original information alleged:

> On or about April 24, 2017 in the City and County of Honolulu, State of Hawaii, CAROL MANIACI did ***conceal or take possession*** of ***goods or merchandise***, the value of which exceeds Seven Hundred Fifty Dollars ($750.00), the property of Saks Fifth Avenue LLC, a ***store or retail establishment***, with ***intent to defraud***, thereby committing the offense of Theft in the Second Degree in violation of Section 708-831(1)(b) of the Hawaii Revised Statutes, and she is subject to sentencing under Section 708-833.5 of the Hawaii Revised Statutes.

(Emphasis added.)

HRS § 708-833.5 (Supp. 2016) provides, in pertinent part:

> A person convicted of committing theft by means of shoplifting as defined in section 708-830 shall be sentenced to the following minimum fines[.]

HRS § 708-830 (2014) provides, in relevant part:

> A person commits theft if the person does any of the following:
>
> . . . .
>
> (8) Shoplifting.

---

[4](...continued)
the oral order, or striking the amended information and complaint. The parties agree that trial proceeded based upon the original information and complaint.

> (a)  A person conceals or takes possession of
>      the goods or merchandise of any store or
>      retail establishment, with **intent to
>      defraud**.

(Emphasis added.)

"Intent to defraud" is defined as:

> (1)  An **intent** to use deception to injure another's
>      interest which has value; **or**
>
> (2)  **Knowledge** by the defendant that the defendant is
>      facilitating an injury to another's interest which has
>      value.

HRS § 708-800 (2014) (emphasis added).

In <u>State v. Shinyama</u>, 101 Hawaiʻi 389, 391, 69 P.3d 517, 519 (2003), the supreme court held that

> the "intent to defraud" component of second degree theft by
> shoplifting, as defined by HRS § 708-800 (1993), prescribes
> two alternative means of establishing the state of mind
> requisite to the offense of second degree theft by
> shoplifting, the circuit court plainly erred in failing to
> instruct the jury as to the alternative states of mind
> requisite to the charged offense.

<u>Id.</u> at 391, 69 P.3d at 519 (footnote omitted).

<u>Shinyama</u> concerned an erroneous jury instruction, not the sufficiency of a charge. However, in <u>State v. Garcia</u>, 152 Hawaiʻi 3, 518 P.3d 1153 (2022), the supreme court held that an information that did not define "intent to defraud," did not specify the states of mind for forgery in the second degree, in violation of article I sections 5 and 14 of the Hawaiʻi Constitution.[5] <u>Id.</u> at 7, 518 P.3d at 1157. Although not stated in the supreme court's opinion, the elements of forgery in the second degree at issue in <u>Garcia</u> were:

---

[5]  Article I, section 5 of the Hawaiʻi Constitution
     (right to due process) and article I, section 14 of
     the Hawaiʻi Constitution (right "to be informed of the
     nature and cause of the accusation") inspire the
     criteria we use to measure the adequacy of a charge:
     charging documents must include the elements of an
     offense and sufficiently describe the nature and cause
     of the accusation.

<u>Garcia</u>, 152 Hawaiʻi at 6, 518 P.3d at 1156 (citation omitted).

> A person commits the offense of forgery in the second degree if, **with intent to defraud**, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.

HRS § 708-852(1) (2014) (emphasis added).

In Garcia, the supreme court held that "[i]ntent is a state of mind, not an element." Id. at 7, 518 P.3d at 1157. The supreme court then held:

> an intentional state of mind — as HRS § 708-800 makes clear — is not forgery's only state of mind. The intent to defraud element may also be proved if a defendant knowingly "facilitat[es] an injury to another's interest which has value."
>
> . . . .
>
> Here, because the information does not define intent to defraud, and thus does not specify the states of mind for forgery in the second degree, the information violates article I sections 5 and 14 of the Hawaiʻi Constitution.

Id. (footnote omitted).

"Intent to defraud" was also required to prove the theft charge against Maniaci. Under Garcia and Shinyama, the theft charge against Maniaci should have defined or specified "intent to defraud" — "(1) [a]n intent to use deception to injure another's interest which has value; or (2) [k]nowledge by the defendant that the defendant is facilitating an injury to another's interest which has value." Garcia, 152 Hawaiʻi at 4, 518 P.3d at 1154; Shinyama, 101 Hawaiʻi at 397, 69 P.3d at 525. The shoplifting charge against Maniaci did not define or specify "intent to defraud" and thus did not sufficiently allege the applicable states of mind. Accordingly, the circuit court erred by denying Maniaci's motion to dismiss.

**2.** We must also address Maniaci's contention that the evidence was insufficient to support the jury's finding of guilty on the theft charge. See State v. Davis, 133 Hawaiʻi 102, 120,

5

324 P.3d 912, 930 (2014) (holding that double jeopardy clause of Hawai‘i Constitution requires addressing defendant's claim of insufficiency of the evidence before remanding for new trial based on defective charge).  When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai‘i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted).  "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id.

Maniaci argues that a photograph of the handbag with its price tag (State's Exhibit 9) and the register receipt for the handbag (State's Exhibit 31) were hearsay, inadmissible to prove the handbag's value.  She did not make a hearsay objection at trial.  Her argument is waived.  State v. Crisostomo, 94 Hawai‘i 282, 290, 12 P.3d 873, 881 (2000) ("A hearsay objection not raised or properly preserved in the trial court will not be considered on appeal.") (citation omitted).[6]

---

[6]     If Maniaci had objected at trial based on hearsay, her objection should have been overruled.  At the time of Maniaci's alleged offense HRS § 708-830(8) (2014) provided, in relevant part:

> The unaltered price or name tag or other marking on goods or merchandise, duly identified photographs or photocopies thereof, or printed register receipts shall be prima facie evidence of value and ownership of such goods or merchandise.  Photographs of the goods or merchandise involved, duly identified in writing by the arresting police officer as accurately representing such goods or merchandise, shall be deemed competent evidence of the goods or merchandise involved and shall be admissible in any proceedings, hearings, and trials for shoplifting to the
> (continued...)

Maniaci also argues that "there was no evidence and/or testimony that [she] intended or knew that the value" of the handbag exceeded $750, because a Saks Fifth Avenue employee testified that there was no sign with a price where the handbag was displayed, and that "[m]ost of the time" the price tag would "fall inside the bag."  However, State's Exhibits 9 and 31 were "prima facie evidence that [Maniaci] believed or knew the [handbag] to be of that value."  HRS § 708-801(4) (2014).

In addition, as the supreme court has explained:

> Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient.  Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances.

State v. Batson, 73 Haw. 236, 254, 831 P.2d 924, 934 (1992) (cleaned up).  Evidence was presented that Maniaci removed the handbag — with a black sensor attached to it — from the display stand, went into a fitting room and a restroom, and no handbag was found in the fitting room or restroom after Maniaci left. Maniaci walked past the cashiers and exited the store.  When Maniaci was confronted by Saks Fifth Avenue employees outside the store, an object similar to a handbag was felt near Maniaci's waistband.  While the employees were escorting Maniaci to the security office, a struggle occurred and a black dust bag containing the handbag fell to the ground.  The dust bag is a cloth bag, kept inside the handbag, that protects the handbag from dust, debris, and nicks.  Thus, even if the price tag was inside the handbag, a reasonable jury could conclude that Maniaci saw the price tag when she retrieved the dust bag from inside the handbag.  The handbag's black sensor was wrapped in aluminum foil.

---

[6](...continued)
same extent as the goods or merchandise themselves.

There was substantial evidence from which the jury could conclude that Maniaci knew or intended that the value of the handbag she shoplifted exceeded $750.  Maniaci makes no other arguments about the sufficiency of the evidence.

Based upon the foregoing, we vacate in part the "Judgment of Conviction and Probation Sentence" entered by the circuit court on September 26, 2018, as to Count 1 for shoplifting only, and remand for the circuit court to dismiss Count 1 without prejudice.

DATED:  Honolulu, Hawaiʻi, February 24, 2023.

On the briefs:

Randal I. Shintani,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge