**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000386**
**10-JUN-2025**
**08:38 AM**
**Dkt. 77 SO**

NO. CAAP-24-0000386

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
RODERICK RAMON GOUGE and RODERICH JOSE LUNA,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-23-0001225)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the
Circuit Court of the First Circuit's April 26, 2024 "Findings of
Fact, Conclusions of Law, and Order Granting Defenses' Motion to
Dismiss Due to Defective Charge" (**April 26, 2024 Order**).[1]
(Formatting altered.)

---

[1] The Honorable Catherine H. Remigio presided.

The State charged Defendant-Appellee Roderick R. **Gouge** with Robbery in the First Degree (Count 1) and Defendant-Appellee Roderich J. **Luna** with Accomplice to Robbery in the First Degree (Count 2) via indictment.

Two days after filing the indictment, the State filed the first of several pretrial bail reports that detailed the nature of the offense including identifying who pulled the gun and who took what from the complaining witness.

About three months after the first pretrial bail report was filed, Gouge and Luna moved to dismiss the indictment as defective because it did not include the "statutory definitions" of theft. Luna similarly argued that Defendants had the right "to be informed of the nature and cause of the accusation" and the State's failure to define theft rendered the charge defective. Defendants primarily rely on State v. Jardine, 151 Hawaiʻi 96, 100, 508 P.3d 1182, 1186 (2022).

The State argued the indictment was sufficient, distinguishing Jardine. In the alternative, the State argued the police reports provided through discovery in November 2023, three months before Defendants' motions to dismiss, apprised them of the nature and cause of the accusations.

The circuit court ultimately concluded the State "failed to provide the eight (8) statutory definitions of 'theft' and/or to specify and provide notice as to how Defendant

was alleged to have committed theft, and as such the failure causes Counts 1 and 2 to fail to state an offense and renders the charges defective."  The circuit court dismissed the case. The State appeals the dismissal.[2]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below and vacate and remand.

**(1)**  The State contends the circuit court erred because the charging document included the essential elements of the charged offenses.  The State argues the "Indictment was not defective where the 'theft' was specified as 'the taking of or escaping with the property' of 'L.V. (a minor)[.]'"  The State further argues that this case is different from Jardine.

In Jardine, the parties disputed whether the State had to include the entire statutory definition of "substantial bodily injury."  151 Hawaiʻi at 100, 508 P.3d at 1186.  The supreme court explained that providing the full definition "would not sufficiently apprise the defendant of what he must be prepared to meet" as there were five different ways substantial bodily injury could be proven.  Id.  Thus, the supreme court

---

[2]  The State reindicted Defendants on May 7, 2024.  The May 7, 2024 Reindictment defined "theft" under Hawaiʻi Revised Statutes (**HRS**) § 708-830(1) (2014).

3

held that the State must "identify the species of injury" for sufficient notice. Id. at 101, 508 P.3d at 1187.

At minimum, "a constitutionally sound charge" must "specify the offense's proper states of mind" and its elements. E.g., State v. Garcia, 152 Hawaiʻi 3, 6-7, 518 P.3d 1153, 1156-57 (2022). "Generally if a charging document tracks an offense's statutory language, then the State doesn't need to load it with definitions of words defined elsewhere." Id. at 8, 518 P.3d at 1158. However, "where the definition of an offense . . . includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species . . . [and] descend to particulars." State v. Israel, 78 Hawaiʻi 66, 73, 890 P.2d 303, 310 (1995) (citation omitted).

Under Hawaiʻi Revised Statutes (**HRS**) § 708-840(1)(b)(ii) (Supp. 2022), a person commits Robbery in the First Degree if (1) "in the course of committing theft[,]" (2) while "armed with a dangerous instrument," (3) the person "threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property[.]" "In the course of committing a theft" is its own term of art:

4

> An act shall be deemed "in the course of committing a theft or non-consensual taking of a motor vehicle" if it occurs in an attempt to commit theft or non-consensual taking of a motor vehicle, in the commission of theft or non-consensual taking of a motor vehicle, or in the flight after the attempt or commission.

HRS § 708-842 (2014).

Here, the indictment tracked the language of the statute:

> COUNT 1: On or about October 11, 2023, . . . RODERICK RAMON GOUGE, <u>while in the course of committing theft</u> from L.V. (a minor), and <u>while armed with a dangerous instrument</u>, to wit, a firearm as defined in Section 706-660.1 of the [Hawaiʻi] Revised Statutes [(2014)], and/or while armed with a simulated firearm, did <u>threaten the imminent use of force against the person of L.V. . . . with intent to compel acquiescence to the taking of or escaping with the property</u>, thereby committing the offense of Robbery in the First Degree, in violation of Section 708-840(1)(b)(ii) of the [Hawaiʻi] Revised Statutes. An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft, in the commission of theft, or in the flight after the attempt or commission.
>
> . . . .
>
> COUNT 2: On or about October 11, 2023, . . . RODERICH JOSE LUNA, with the intention of promoting or facilitating the commission of the offense of Robbery in the First Degree, did aid or agree or attempt to aid in the planning of or the commission of the offense of Robbery in the First Degree, by Roderick Ramon Gouge, who on or about October 11, 2023, . . . <u>while in the course of committing theft</u> from L.V. (a minor), and <u>while armed with a dangerous instrument</u>, to wit, a firearm . . . and/or while armed with a simulated firearm, did <u>threaten the imminent use of force against the person of L.V. . . . with intent to compel acquiescence to the taking of or escaping with the property</u>, thereby committing the offense of Accomplice to Robbery in the First Degree, in violation of Sections 702-221(2)(c) [(2014)], 702-222(1)(b) [(2014)], and 708-840(1)(b)(ii) of the [Hawaiʻi] Revised Statutes. An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft, in the commission of theft, or in the flight after the attempt or commission.

(Emphases added.)

5

But similar to the element of substantial bodily injury in Jardine, the element of theft may be proved eight different ways. See HRS § 708-830(1)-(8) (2014). And simply reciting all eight subsections of theft in the charging instrument does not provide Defendants with sufficient notice or comport with the rules requiring the "charge [to] be a plain, concise and definite statement of the essential facts constituting the offense charged." Hawaiʻi Rules of Penal Procedure Rule 7(d).

Instead, the State must specify the particular type of theft Defendants will be expected to defend against. And as the supreme court noted, including a "to wit" clause would be prudent. See Jardine, 151 Hawaiʻi at 101, 508 P.3d at 1187.

Thus, to the extent the circuit court concluded the indictment was defective because the State failed to identify the species of theft, the circuit court did not err.

**(2)** The State alternatively contends "[t]he discovery materials provided to the defendants sufficiently apprised them of the nature and cause of the accusations against them and what they must be prepared to meet[.]" (Formatting altered.)

In Jardine, the supreme court left unanswered whether other materials provided to defendants prior to challenging the felony information could have cured the failure to identify the

6

species of substantial bodily injury saying the State waived that argument.  Jardine, 151 Hawai'i at 101, 508 P.3d at 1187. Here, the State raised the argument before the circuit court and raises it before this court.

"If a charging document omits an essential element of an offense, it 'fail[s] to state an offense, and a conviction based upon it cannot be sustained' no matter what other information the defendant may have received from the State." State v. Van Blyenburg, 152 Hawai'i 66, 70 n.3, 520 P.3d 264, 268 n.3 (2022) (citations omitted).  Where a charge does not omit an essential element, the supreme court "recognized that in determining whether a defendant has been adequately informed of the charges against them, the appellate court can consider other information in addition to the charge that may have been provided to the defendant until the time the defendant objected to the sufficiency of the charges."  Id. (cleaned up) (quoting State v. Wheeler, 121 Hawai'i 383, 396, 219 P.3d 1170, 1183 (2009)).

Although the indictment did not include the species of theft, it did track the language of the Robbery in the First Degree statute and included the essential element of theft. Because the essential element of theft was provided in the indictment, we turn to the information available to Defendants prior to challenging the indictment to determine whether

7

Defendants were adequately informed of the species of theft they were required to defend against.

The pretrial bail reports were filed (and according to the State, the police reports were provided to Defendants) at least three months prior to their motions to dismiss. The pretrial bail reports identified the date, location, and alleged conduct underlying the charged offense.

Based on these reports, only one subsection of the theft statute would apply - HRS § 708-830(1). HRS § 708-830(1) provides that a person commits theft if the person

> "[o]btains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property."

Nothing in HRS § 708-830(1) injects a new state of mind or essential element into the Robbery in the First Degree offense.

Under the particular circumstances of this case, Defendants were adequately informed of the species of theft they were required to defend against and, thus, the circuit court went beyond its discretion by dismissing the indictment. We nevertheless emphasize that "[d]etails about the who, what, where, when, and how of the alleged offense help ensure defendants are properly informed of the charge they must defend

against, and this court endorses these facts' inclusion in charging documents." Garcia, 152 Hawaiʻi at 8, 518 P.3d at 1158.

Based on the foregoing, we vacate the court's April 26, 2024 Order and remand for proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, June 10, 2025.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Emmanuel G. Guerrero,
for Defendant-Appellee
Roderick Ramon Gouge.

David S.H. Cho,
Deputy Public Defender,
for Defendant-Appellee
Roderich Jose Luna.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge