**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000641
29-APR-2026
08:12 AM
Dkt. 44 SO**

NO. CAAP-24-0000641

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
DONAVAN KAMAKA, also known as Donovan Kamaka,
Defendant-Appellee, and
ALLEN LABRADOR, Defendant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-24-0000431)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the

Circuit Court of the First Circuit's September 3, 2024 order

granting Defendant-Appellee Donavan **Kamaka**'s motion to dismiss

due to a defective charge (**Dismissal Order**).[1]

On appeal, the State argues that its April 26, 2024

**Indictment** was sufficient or, alternatively, that the

---

[1] The Honorable Catherine H. Remigio presided.

information provided to Kamaka adequately apprised him of the nature and cause of the accusations against him.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

A grand jury indicted Kamaka on one count of Robbery in the Second Degree in violation of Hawaiʻi Revised Statutes (**HRS**) § 708-841(1)(a) (2014) as follows:

> COUNT 1: On or about April 8, 2024, in the City and County of Honolulu, State of Hawaiʻi, DONAVAN KAMAKA, <u>while in the course of committing theft</u> from Saks Fifth Avenue, LLC, doing business as Saks Off Fifth, did use force against the person of Rhyder Kealoha, a person who was present, with the <u>intent</u> to overcome Rhyder Kealoha's physical resistance or physical power of resistance, thereby committing the offense of Robbery in the Second Degree, in violation of Section 708-841(1)(a) of the Hawaiʻi Revised Statutes.
>
> An act shall be deemed "in the course of committing a theft or non-consensual taking of a motor vehicle" if it occurs in an attempt to commit theft or non-consensual taking of a motor vehicle, in the commission of theft or non-consensual taking of a motor vehicle, or in the flight after the attempt or commission.
>
> If convicted of this offense or any included felony offense, DONAVAN KAMAKA may be subject to sentencing in accordance with Section 706-661 and Section 706-662(1) of the [Hawaiʻi] Revised Statutes where he is a persistent offender in that he has previously been convicted of two or more felonies committed at different times when he was eighteen years of age or older, and an extended term of imprisonment is necessary for the protection of the public.

(Emphases added.)

The circuit court dismissed Count 1 against Kamaka, explaining that the "State failed to provide the eight (8)

statutory definitions of 'theft' and/or failed to specify and provide notice as to how [Kamaka] was alleged to have committed theft, and as such the failure causes Count 1 to fail to state an offense and renders the charge defective."

In State v. Gouge, this court held that "the State must specify the particular type of theft Defendants will be expected to defend against. And as the supreme court noted, including a 'to wit' clause would be prudent." 156 Hawaiʻi 106, 569 P.3d 1290, No. CAAP-24-0000386, 2025 WL 1640714, at *3 (App. June 10, 2025) (SDO) (citing State v. Jardine, 151 Hawaiʻi 96, 101, 508 P.3d 1182, 1187 (2022)).

Thus, to the extent the circuit court dismissed Count 1 for failing to identify the species of theft, it did not err. See id.

The State counters that, because Count 1 indicated the theft was from Saks Fifth Avenue, LLC, doing business as Saks Off Fifth, "the Indictment made clear that the 'theft' was the stealing of property from a store or retail establishment." As such, the State appears to argue that only subsection (8) of HRS § 708-830 (2014), which sets forth the offense of Shoplifting, would apply, as Shoplifting is the only subsection involving a "store or retail establishment."

However, Shoplifting may be proved in three different ways:

> §708-830  **Theft**.  A person commits theft if the person does any of the following:
>
> . . . .
>
> (8)  Shoplifting.
>
>> (a)  A person conceals or takes possession of the goods or merchandise of any store or retail establishment, with <u>intent to defraud</u>.
>>
>> (b)  A person alters the price tag or other price marking on goods or merchandise of any store or retail establishment, with <u>intent to defraud</u>.
>>
>> (c)  A person transfers the goods or merchandise of any store or retail establishment from one container to another, with <u>intent to defraud</u>.

HRS § 708-830(8) (some formatting altered and emphases added). Each of the three ways includes the state of mind of "intent to defraud," which is defined as "[a]n <u>intent</u> to use deception to injure another's interest which has value" or "<u>[k]nowledge</u> by the defendant that the defendant is facilitating an injury to another's interest which has value."  HRS § 708-800 (2014) (emphases added).

The Indictment in this case includes an intentional state of mind, but nothing in the Indictment alerts Kamaka of a knowing state of mind.  Although the Indictment tracks the language of the Robbery in the Second Degree statute, as to

4

Shoplifting, "[a] defendant does not learn the offense's intentional *and* knowing states of mind after reading its statutory language. Only if defendants trace the meaning of intent to defraud to HRS § 708-800 will they discover intent to defraud has a knowing state of mind." State v. Garcia, 152 Hawaiʻi 3, 6, 518 P.3d 1153, 1156 (2022).

"State of mind is a component of every element in every crime. If the proper states of mind are not alleged, the charging document fails to state an offense and is constitutionally deficient." Id. at 7, 518 P.3d at 1157 (citing State v. Elliott, 77 Hawaiʻi 309, 313, 884 P.2d 372, 376 (1994)).

Thus, even if Kamaka was on notice that the theft in the Indictment was for Shoplifting as the State asserts, the Indictment fails to define "intent to defraud" and, thus, fails to notify Kamaka that Shoplifting may be proved by demonstrating a knowing state of mind. Because the knowing state of mind was not alleged, the Indictment failed to state an offense and was constitutionally deficient. See id. Where the Indictment failed to state an offense, we need not address the State's alternative argument that the information provided to Kamaka

apprised him of the nature and cause of the accusations against him.  See id. at 6, 518 P.3d at 1156.

Based on the foregoing, we affirm the circuit court's September 3, 2024 Dismissal Order.

DATED:  Honolulu, Hawaiʻi, April 29, 2026.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Emmanuel G. Guerrero,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge