**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000105**
**26-JAN-2024**
**07:58 AM**
**Dkt. 52 SO**

NO. CAAP-23-0000105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOHN CROKE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-21-0000235)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant John J. Croke (**Croke**), proceeding

self-represented, appeals from the March 13, 2023 Order Granting

Motion to Dismiss Amended Felony Information Filed October 26,

2022 (**Order of Dismissal Without Prejudice**), entered by the

Circuit Court of the First Circuit (**Circuit Court**).[1]

The State of Hawaiʻi (**State**) filed a March 1, 2021

Felony Information charging Croke with Assault in the Second

Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-

711(1)(a) (Supp. 2022).[2]  On May 17, 2021, Croke, proceeding with

counsel, filed a motion requesting that the Circuit Court appoint

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     HRS § 707-711 provides, in pertinent part:

> **§ 707-711  Assault in the second degree.**  (1) A person
> commits the offense of assault in the second degree if the
> person:
>     (a)     Intentionally, knowingly, or recklessly causes
>             substantial bodily injury to another[.]

a three-member panel to determine his fitness to proceed.[3]  The court granted the motion and ordered Dr. Melissa Villalon (**Villalon**), Dr. Steven Taketa (**Taketa**), and a State Designate of the Courts and Corrections Division (**State Designate**) to determine his fitness to proceed.

The Circuit Court received evaluations from Villalon, Taketa, and Dr. Nikita Hay (**Hay**), the State Designate.  The court also received a report from Dr. Terence C. Wade (**Wade**), but it was deleted from the lower-court docket because its upload into this case was due to a clerical error.  The court initially deemed Croke unfit to proceed, suspended proceedings, and committed him to treatment.[4]

On March 8, 2022, after receiving a letter from the psychiatrist treating Croke, which recommended that the Circuit Court re-examine Croke's fitness to proceed, the court ordered Taketa, Villalon, and a State Designate to re-examine Croke.  The court received Villalon's, Taketa's, and Hay's further reports and deemed Croke fit to proceed.  Additional reports were later submitted by Villalon, Taketa, and Hay, all deeming Croke fit to proceed.

The State filed a September 1, 2022 State's Motion to Amend the Felony Information (**Motion to Amend**) "to include the statutory definition of 'substantial bodily injury.'"

Croke filed a September 7, 2022 Motion to Dismiss Based Upon Defective Charge (**Motion to Dismiss**), arguing that the

---

[3]    The Honorable Shirley M. Kawamura presided.

[4]    The Honorable Christine E. Kuriyama presided.

2

Felony Information violated his due process rights to notice of all the elements of the charged offense under the United States and Hawaiʻi State Constitutions.

On September 12, 2022, the Circuit Court granted the Motion to Amend and denied the Motion to Dismiss.[5]

On October 26, 2022, the State filed an Amended Felony Information.

On February 2 and 6, 2023, Croke filed motions to dismiss the Amended Felony Information on various grounds. At a February 27, 2023 hearing, the Circuit Court found good cause to dismiss without prejudice the Amended Felony Information pursuant to State v. Jardine, 151 Hawaiʻi 96, 508 P.3d 1182 (2022). Thereafter, the court entered the Order of Dismissal Without Prejudice.

Croke timely filed a Notice of Appeal.

Croke presents two arguments on appeal,[6] contending that the Circuit Court: (1) prejudiced him by ordering a four-person panel instead of the required three-person panel to examine his fitness to proceed in the case; and (2) erred when it dismissed the Amended Felony Information *without* prejudice.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[5] The Honorable Paul B.K. Wong presided.

[6] While Croke fails to present points of error on appeal in compliance with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7), we nevertheless address the merits of his arguments to the extent we can discern them. See, e.g., Torres v. Read, CAAP-16-0000459, 2019 WL 6998172, *1 (Haw App. Dec. 19, 2019) (SDO).

3

the arguments advanced and the issues raised by the parties, we resolve Croke's arguments as follows:

(1)   Croke contends that he was never apprised as to why a four-person panel was appointed to examine his fitness to proceed with trial.

This argument appears to be based on a misunderstanding on Croke's part.  No four-person panel was appointed.  As noted above, the Circuit Court appointed three examiners:  Villalon, Taketa, and a State Designate.  The court only considered three evaluations from Villalon, Taketa, and Hay.  Wade's report was deleted because it was filed in this case only due to a clerical error.  Croke concedes that the court did not consider Wade's report.  Therefore, no abuse of discretion occurred in the appointment of the panel to determine Croke's fitness to proceed.

(2)   Croke argues that this case should have been dismissed *with prejudice* because the State did not hold a required preliminary hearing under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 5(a)(1) for admission to bail.  Croke further argues that no preliminary hearings were held as required under HRPP Rule 5(c)(1) for an initial appearance or arraignment to determine probable cause in violation of his due process rights.[7]  In addition, Croke argues that because he was initially

_____

[7]      HRPP Rule 5 provides, in pertinent part:

**Rule 5.  PROCEEDINGS FOLLOWING ARREST.**

(a) **In general**.

(1) UPON ARREST.  An officer making an arrest under a warrant shall take the arrested person without unnecessary delay before the court having initially

(continued...)

4

charged with a defective Felony Information, dismissing the case without prejudice also violated his due process rights.

While preliminary hearings are generally required under HRPP Rule 5, subsection (c)(1) eliminates that requirement if the defendant is "charged by information before the date set for such hearing."  Further, under HRS § 801-1(a) (2014):

> No person shall be subject to be tried and sentenced to be punished in any court, for an alleged offense, unless upon indictment, complaint, or information, except for offenses within the jurisdiction of a district court or in summary proceedings for contempt.  For any felony offense to be tried and sentenced upon complaint, a finding of probable cause after a preliminary hearing, or a waiver of the probable cause determination at the preliminary hearing, shall be required.

(Emphasis added).  Moreover, the Hawai'i Supreme Court in Moana v. Wong held that "[w]hen a defendant is . . . charged by criminal information, a preliminary hearing need not — and, under our rules, cannot — be conducted."  141 Hawai'i 100, 106, 405

---

[7](...continued)
> jurisdiction, or, for the purpose of admission to bail, before any judge or officer authorized by law to admit the accused person to bail.
>
> . . . .
>
> (c) **Felonies**.  In the district court, a defendant charged with a felony shall not be called upon to plead, and proceedings shall be had in accordance with this section (c).
>
> (1) INITIAL APPEARANCE; SCHEDULING OF PRELIMINARY HEARING.  At the initial appearance the court shall, in addition to the requirements under Rule 10(e), furnish the defendant with a copy of the complaint and affidavits in support thereof, if any, together with a copy of the appropriate order of judicial determination of probable cause, if any, and inform the defendant of the right to a preliminary hearing.  If the defendant waives preliminary hearing pursuant to subsection (c)(2) of this rule, the court shall forthwith commit the defendant to answer in the circuit court.  If the defendant does not waive such hearing, the court shall schedule a preliminary hearing, provided that such hearing shall not be held if the defendant is indicted or charged by information before the date set for such hearing.

P.3d 536, 542 (2017). The Circuit Court did not err in not holding a preliminary hearing.

Croke contends that the Amended Felony Information should have been dismissed with prejudice. As acknowledged by both parties, the Felony Information was defective for failing to include the definition of "substantial bodily injury." The Amended Felony Information was also defective as it merely reiterated the statutory definition of "substantial bodily injury," which was described by the supreme court in Jardine as "generic." 151 Hawai'i at 100, 508 P.3d at 1186.

When the statutory definition of an offense is generic, the State must then "state the species of [the victim's] injury . . . [and] descend to particulars," as it otherwise fails to apprise the defendant of the charge against them in violation of their due process rights. Id. at 101, 508 P.3d at 1187 (quoting State v. Israel, 78 Hawai'i 66, 73, 890 P.2d 303, 310 (1995)). In this case, as in Jardine, the Amended Felony Information only reiterated the generic, statutory definition of "substantial bodily injury." In Jardine, the supreme court affirmed our decision in that case to affirm the circuit court's decision to dismiss that case without prejudice. Id. at 102, 508 P.3d at 1188.

The supreme court has upheld and ordered dismissals of numerous other cases without prejudice as the remedy for an insufficient charge. See, e.g., State v. Kauhane, 145 Hawai'i 362, 370-72, 452 P.3d 359, 367-69 (2019); State v. Pacquing, 139 Hawai'i 302, 308-09, 389 P.3d 897, 903-04 (2016); State v.

6

Apollonio, 130 Hawaiʻi 353, 359 n.10, 311 P.3d 676, 682 n.10 (2013); State v. Wheeler, 121 Hawaiʻi 383, 386, 400, 219 P.3d 1170, 1173, 1187 (2009); see also State v. Taylor, 996 P.2d 571, 237 (Wash. 2000) (en banc) ("The remedy for an insufficient charging document is reversal and dismissal of the charges without prejudice to the State.").  Croke provides no authority and identifies no circumstance that would mandate dismissal with prejudice in this case.  Therefore, we conclude that the Circuit Court did not err in entering the Order of Dismissal without prejudice.

The Circuit Court's March 13, 2023 Order of Dismissal Without Prejudice is affirmed.

DATED: Honolulu, Hawaiʻi, January 26, 2024.

On the briefs:

John J. Croke,
Defendant-Appellant, *Pro Se.*

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

7