**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000376**
**18-SEP-2024**
**08:04 AM**
**Dkt. 62 SO**

NO. CAAP-23-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHARLES ZUFFANTE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-22-0000315)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

Defendant-Appellant Charles Zuffante (**Zuffante**) appeals from the First Amended Judgment of Conviction and Sentence (**Judgment**), entered on April 6, 2023, in the Circuit Court of the Third Circuit (**Circuit Court**).[1] Following a jury trial, Zuffante was convicted of Attempted Promotion of a Dangerous Drug in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 705-500[2] and 712-1241(1)(b)(ii).[3]

---

[1] The Honorable Robert D.S. Kim presided.

[2] HRS § 705-500 (2014) provides:

> **Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:
>
> > (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
> >
> > (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
>
> (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with

On appeal, Zuffante contends that the Circuit Court erred or, as to his second point of error, abused its discretion in: (1) entering the September 14, 2022 "Findings of Facts and Conclusions of Law Re: State's Motion to Determine Voluntariness of [Zuffante's] Statements" (**FOFs/COLs**) "because the statements were made during custodial interrogation and were not recorded or witnessed by anyone other than [Hawaiʻi County Police Department (**HCPD**) Officer Justin] Gaspar [(**Officer Gaspar**)] and [Zuffante]"; (2) denying Zuffante's November 10, 2022 motion in limine no. 2 (**MIL 2**) "because the proper administration of criminal justice in the State of Hawaiʻi compels adoption of the State of Alaska's 'Stephan Rule'"; (3) "find[ing] that [Zuffante's] waiver of the right not to testify was a voluntary waiver"; (4) denying Zuffante's motion to quash Count 2 of the April 13, 2022 Indictment "because the charge is defective"; (5) denying Zuffante's oral motion to acquit on Count 2 "because [the] State

---

respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

3/ HRS § 712-1241(1)(b)(ii) (Supp. 2016) provides:

**Promoting a dangerous drug in the first degree.** (1) A person commits the offense of promoting a dangerous drug in the first degree if the person knowingly:

. . . .

(b) Distributes:

. . . .

(ii) One or more preparations, compounds, mixtures, or substances of an aggregate weight of:

(A) One-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers; or

(B) Three-eighths ounce or more, containing any other dangerous drug[.]

did not put on any evidence that [Zuffante] attempted to distribute the recovered methamphetamine"; and (6) denying Zuffante's oral motion to acquit on Count 2 "because there was insufficient evidence for the jury . . . to find [Zuffante] knowingly possessed the fanny pack or its content."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Zuffante's contentions as follows, and affirm.

(1) through (3)  Zuffante's first three points of error concern statements he allegedly made to Officer Gaspar during a custodial interrogation that occurred after Zuffante was arrested and advised of his <u>Miranda</u> rights, and which was not recorded. First, Zuffante contends that the Circuit Court erred in concluding that Zuffante waived his <u>Miranda</u> rights and voluntarily made the statements, because the interrogation was not recorded or independently witnessed, "rendering [Officer] Gaspar's testimony on the matter unreliable and untrustworthy."[4] Second, Zuffante contends that the Circuit Court abused its

---

[4]     Relatedly, Zuffante argues that the court erred in entering FOFs 103, 113, 114 and COL 30.  These FOFs and COL state:

> 103.  At this time the recording device for the interview room was not working through no fault of Officer Gaspar.
>
> . . . .
>
> 113.  Defendant was not threatened, forced, coerced, nor promises made to him to waive his rights to an attorney and to remain silent, nor were any threats, force, coercion, or promises made to him inducing him to make a statement.
>
> 114.  In summary, Defendant then gave a statement indicating that everything was his, that all the meth was his. That he buys a pound of meth and sells them in eight ball. Defendant told Officer Gaspar the price in which he buys, sells "meth", and his profit.
>
> . . . .
>
> 30. At that time, after being read the form, Defendant waived his Miranda rights and warnings intelligently, knowingly and voluntarily and voluntarily spoke with Officer Gaspar.

Zuffante challenges these FOFs and COL based entirely on the absence of "any evidence independent of [Officer Gaspar's] own testimony" supporting them. He does not contend there is not otherwise substantial evidence supporting them based on Officer Gaspar's testimony.

discretion in denying his Motion in Limine No. 2 by failing to adopt the so-called "Stephan Rule." In Stephan v. Alaska, 711 P.2d 1156, 1158 (Alaska 1985), the Alaska Supreme Court held that in order to be admissible under the due process clause of the Alaska State Constitution, custodial confessions must be recorded when the interrogation occurs in a place of detention and recording is feasible. See State v. Kekona, 77 Hawaiʻi 403, 408-09, 886 P.2d 740, 745-46 (1994) (describing the Stephan holding and concluding that the due process clause of the Hawaiʻi Constitution does not require such a recording practice). Third, Zuffante contends that the Circuit Court, having allowed Officer Gaspar to testify as to Zuffante's statements during the custodial interrogation, erred in finding that Zuffante voluntarily waived his right not to testify, because Zuffante was left with no choice but to testify in order to rebut Officer Gaspar's testimony.

As to Zuffante's second contention (supra), the State argues that Zuffante failed to properly preserve, and thus waived, the issue for appeal, because the denial of the motion in limine was not an unequivocal holding concerning the issue raised, and Zuffante did not object at trial to Officer Gaspar's testimony about Zuffante's statements to him, or cross-examine Officer Gaspar on whether other means of recording the interrogation existed. In his reply brief, Zuffante agrees that he "failed to properly preserve the issue [re admitting [his] statements at trial] for review[,]" and attributes this failure to ineffective assistance of his trial counsel.

As to the State's waiver argument, we look to Kobashigawa v. Silva, 129 Hawaiʻi 313, 300 P.3d 579, (2013), for guidance. There, the supreme court explained: "The denial of a motion in limine, in itself, is not a reversible error. The harm, if any, occurs when the evidence is improperly admitted at trial." Id. at 320, 300 P.3d at 586 (quoting State v. Eid, 126 Hawaiʻi 430, 440, 272 P.3d 1197, 1207 (2012)). Accordingly, "when a motion in limine to exclude evidence is simply denied without a ruling on admissibility and the evidence is subsequently introduced by the opposing party during trial, a

4

proper objection at that time is necessary to preserve the error for appellate review." Id. at 322, 300 P.3d at 588 (quoting Lussier v. Mau-Van Dev., Inc., 4 Haw. App. 359, 393, 667 P.2d 804, 826 (1983)) (internal quotations marks omitted). However, "objections need not be renewed if the prior ruling on the motion in limine amounted to an unequivocal holding concerning the issue raised." Id. (quoting Lussier, 4 Haw. App. at 393, 667 P.2d at 826).

In his MIL 2, Zuffante sought an order precluding the testimony of Officer Gaspar concerning the alleged custodial statements made by Zuffante on the bases that: (1) the statements were uncorroborated (because they were unrecorded); and (2) due process compelled adoption of the Stephan rule. The Circuit Court denied the motion without prejudice, stating in part: "Mr. Zuffante has the ability at trial if he chooses to contradict any statements made by Officer Gaspar, and the Defense is free to discuss the lack of a recording. However, there is no contradictory evidence presented for the Court to basically consider, and that's why I say without prejudice . . . ." (Formatting altered.) The court did not mention the Stephan rule. On this record, we cannot say that the Circuit Court's denial of MIL 2 without prejudice constituted an unequivocal holding rejecting the adoption or applicability of the Stephan rule in these circumstances. Thus, by failing to object at trial to Officer Gaspar's testimony about Zuffante's statements, Zuffante failed to preserve his current contention that the Circuit erred in denying his MIL 2 by failing to adopt the Stephan rule.

As noted above, Zuffante argues in his reply brief that his trial counsel was ineffective in failing to properly preserve this issue. In State v. Yuen, No. SCWC-21-0000679, 2024 WL 3873948 (Haw. Aug. 20, 2024), the supreme court recently addressed an ineffective assistance claim that was raised in the defendant's opening brief. See id. at *6. The court held in part:

> [I]f new appellate counsel on direct appeal fails to serve an ineffective assistance claim on trial counsel, the appellate court must order counsel to do so and provide

> trial counsel with a reasonable opportunity to respond. The appellate court is to address the ineffective assistance claim based on the record after that opportunity has been provided instead of denying an ineffective assistance claim without prejudice to a HRPP Rule 40 petition.

Id. at *13.

Here, unlike the situation in Yuen, Zuffante's trial counsel was properly served with Zuffante's ineffective assistance claim. Indeed, Zuffante's appellate counsel was his trial counsel, and appears to have served herself, as well as the State, with a copy of Zuffante's reply brief. The dispositive circumstance here, however, which also distinguishes this case from Yuen, is that Zuffante did not raise an ineffective assistance claim in his opening brief; he waited for his reply brief, to which the State could not respond. We thus decline to address Zuffante's late ineffective assistance claim consistent with established law. See State v. Mark, 123 Hawaiʻi 205, 230, 231 P.3d 478, 503 (2010) (citing In re Hawaiian Flour Mills, Inc., 76 Hawaiʻi 1, 14 n.5, 868 P.2d 419, 432 n.5 (1994), and Hawaiʻi Rule of Appellate Procedure (**HRAP**) Rule 28(d)). Given the unusual circumstances here, our decision is without prejudice to Zuffante's right to file a related post-conviction petition under Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40.

As to Zuffante's first contention – that the Circuit Court erred in concluding that Zuffante voluntarily made the alleged custodial statements to Officer Gaspar – the State argues that Zuffante's partial opposition to the State's motion to determine voluntariness "did not address the voluntariness of the statements that were opposed, but instead argued that the lack of the audio or video recording of the interrogation equated to a lack of procedural safeguards effective to securing the privilege against self-incrimination, referring to State v. Kazanas, 138 Hawaiʻi 23, 34, 375 P.3d 1261, 1272 (2016)." The State further argues that substantial evidence supported the Circuit Court's determination of voluntariness, based on Officer Gaspar's testimony at the voluntariness hearing and Zuffante's failure to present any evidence to dispute that testimony. In his reply brief, Zuffante appears to attribute this and other alleged failures to the ineffective assistance of his trial counsel.

On this record, we conclude that the Circuit Court did not err in COL 30 in concluding that Zuffante "waived his <u>Miranda</u> rights and warnings intelligently, knowingly and voluntarily and voluntarily spoke with Officer Gaspar." (Underlining added.) At the voluntariness hearing, Officer Gaspar testified that on the day of Zuffante's custodial interrogation, the recording device in the HCPD interview room was not working. Officer Gaspar confirmed this was not "[his] fault[.]" On cross examination, Zuffante did not challenge that assertion or ask if there was any feasible alternative means to record the interview. Officer Gaspar further testified that he advised Zuffante of his <u>Miranda</u> rights and warnings using the Hawaiʻi Police Department Advice of Rights form, and that Zuffante indicated he understood his <u>Miranda</u> rights, did not want a lawyer present, and was willing to make a statement to the police. Zuffante did not testify at the voluntariness hearing or any related motion to suppress,[5/] did not present any other evidence supporting his current contention that Officer Gaspar's testimony was "unreliable and untrustworthy," and did not present any other witnesses to dispute any of the State's witnesses. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." <u>Fisher v. Fisher</u>, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting <u>In re Doe</u>, 95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001)). In sum, Zuffante did not show that he was denied any procedural safeguard discussed in <u>Kazanas</u>, and the Circuit Court did not err in determining that Zuffante voluntarily made the alleged custodial statements to Officer Gaspar.[6/]

Further, we decline to address Zuffante's related ineffective assistance claim, made for the first time in his reply brief, for the reasons previously stated, and without

---

[5/]    <u>See</u> <u>Simmons v. United States</u>, 390 U.S. 377 (1968), and <u>United State v. Salvucci</u>, 448 U.S. 83, 88 (1980) (noting that <u>Simmons</u> "held that testimony given by a defendant in support of a motion to suppress cannot be admitted as evidence of his [or her] guilt at trial.").

[6/]    We further conclude that COLS 103, 113, and 114 are supported by substantial evidence and are not clearly erroneous.

prejudice to his right to file a post-conviction petition under HRPP Rule 40. See Mark, 123 Hawaiʻi at 230, 983 P.3d at 503.

As to Zuffante's third contention – that he was essentially forced to testify – the State argues that this claim is without merit because "[Zuffante] failed to challenge the interrogation at pre-trial and could have testified at a pre-trial motion while still asserting [his] right to remain silent at trial." In his reply brief, Zuffante agrees that he did not move to suppress the statements at issue or otherwise challenge the reliability of Officer Gaspar's testimony at the voluntariness hearing, and asserts that his "[trial c]ounsel's failure coerced [his] election to give up his right to remain silent and coerced his election to testify at trial."

Based on our review of the record, including the relevant Tachibana colloquies, which Zuffante does not challenge, we cannot conclude that the Circuit Court erred in finding that Zuffante knowingly, voluntarily, and intelligently waived his right not to testify. Again, we decline to address Zuffante's ineffective assistance claim, made for the first time in his reply brief, for the reasons previously stated, and without prejudice to his right to file a post-conviction petition under HRPP Rule 40. See Mark, 123 Hawaiʻi at 230, 983 P.3d at 503.

(4) Zuffante contends that the Circuit Court erred in denying his motion to quash Count 2 of the Indictment – for Attempted Promotion of a Dangerous Drug in the First Degree – "because the charge is defective."

Count 2 states:

> On or about October 20, 2021, in Kona, within the County and State of Hawaiʻi, CHARLES ZUFFANTE intentionally engaged in conduct, possessing methamphetamine and/or scale and/or zip packets, which, under the circumstances as he believed them to be, constituted a substantial step in the course of conduct intended to culminate in his commission of the crime of Promoting a Dangerous Drug in the First Degree ,[sic] said crime being distributed [sic] one or more preparations, compounds, mixtures, or substances of an aggregate weight of [(crossed out text with initials)] one-eighth ounce or more, containing methamphetamine, heroin, morphine, or cocaine or any of their respective salts, isomers, and salts of isomers, that is, methamphetamine,,[sic] thereby committing the offense of Attempted Promotion of a Dangerous Drug in the First Degree, in violation of Sections 705-500 and 712-1241(1)(b)(ii), Hawaiʻi Revised Statutes, as amended.

It is difficult to discern exactly what "defect" in Count 2 Zuffante challenges on appeal.  He argues that Count 2 does not allege that he took a substantial step intended to "distribute," as defined by HRS § 712-1240, the required amount of methamphetamine, "and clearly unclearly charges, 'said crime being *distributed*,' . . . a completed crime[,]" and thus "failed to allege a fact of inchoate conduct . . . ."  (Emphasis in original.)  Thus, it appears that Zuffante is challenging the use of the past participle form of the word "distribut*ed*," instead of the present participle form "distribut*ing*," in Count 2.

This is not the argument that Zuffante made in his motion to quash Count 2.  There, he contended that Count 2 should be dismissed because it did "not allege [that he] attempted to distribute any dangerous drug."  (Capitalization altered.)  In quoting Count 2, Zuffante inserted the word "sic" after the word "distributed," indicating he understood that the word contained a grammatical form error.  Then, relying on State v. Ugalino, 107 Hawaiʻi 144, 111 P.3d 39 (2005), Zuffante argued that Count 2 did not allege that he committed an act of attempted distribution, *e.g.*, negotiating or offering to sell the drug.  He thus waived any argument based on the form of the word "distribute" in Count 2.  In any event, we conclude that Count 2 sufficiently alleged all of the essential elements of the offense charged so as to sufficiently apprise Zuffante of what he had to be prepared to meet.  See State v. Jardine, 151 Hawaiʻi 96, 100, 508 P.3d 1182, 1186 (2022) (quoting State v. Merino, 81 Hawaiʻi 198, 212, 915 P.2d 672, 686 (1996)).

(5) and (6) Relying primarily on Ugalino, Zuffante contends that the Circuit Court erred in denying his oral motion to acquit on Count 2, because there was insufficient evidence for the jury to find that he attempted to distribute the recovered methamphetamine and/or that he knowingly possessed the recovered fanny pack or its content.  In Ugalino, this court ruled there was insufficient evidence adduced at trial to show that the defendant took a substantial step toward distribution of at least one-eighth ounce (3.5 grams) of the methamphetamine in his possession.  107 Hawaiʻi at 158-59, 111 P.3d at 53-54.

In order to convict Zuffante of the attempted distribution of methamphetamine charged in Count 2, the State was required to prove beyond a reasonable doubt that Zuffante intentionally engaged in conduct constituting "a substantial step in the course of conduct intended to culminate" in the distribution of at least one-eighth ounce of methamphetamine. See HRS §§ 705-500, 712-1241(1)(b)(ii); Ugalino, 107 Hawaiʻi at 158, 111 P.3d at 53.

Here, the evidence at trial showed that when Zuffante was arrested, the police recovered, among other things: (1) from Zuffante's person, a one-gallon zip-lock bag containing (a) a white crystalline substance later determined to be methamphetamine, and (b) a two-by-two-inch pink zip packet containing a white crystalline substance, later determined to be methamphetamine – with a total weight of approximately 3.9 grams; and (2) from the vehicle in which Zuffante was found, a fanny pack containing sixteen small zip packets, including multiple packets containing approximately 3.5 grams of methamphetamine. Additionally, Officer Gaspar testified that Zuffante told him that: (1) "[e]verything found in the car was his" and confirmed that "the items within the fanny pack were his"; (2) "[Zuffante] spends $7,000 for a pound of meth at a time, and he breaks it down into eight-ball[7] increments"; and (3) "[Zufante] sells the crystal methamphetamine . . . in eight-ball increments . . . for $150 a piece." (Footnote added.) There was no evidence presented that Zuffante was a methamphetamine user or that any of the methamphetamine recovered would be personally consumed. In sum, the evidence presented at trial in this case is clearly distinguishable from that found insufficient in Ugalino.

Viewing the evidence in the light most favorable to the prosecution, and in full recognition of the jury's right to determine credibility, weigh the evidence, and draw reasonable inferences of fact, we conclude there was sufficient evidence to support a prima facie case so that a reasonable mind might fairly conclude that Zuffante was guilty beyond a reasonable doubt of

---

[7]    Officer Gaspar testified that an "eight-ball" is "street vernacular" for an eighth of an ounce, which is 3.5 grams.

Attempted Promotion of a Dangerous Drug in the First Degree.  See State v. Angei, 152 Hawaiʻi 484, 492, 526 P.3d 461, 469 (2023). The Circuit Court's denial of Zuffante's motion for judgment of acquittal on Count 2 was not erroneous.

For the reasons discussed above, the First Amended Judgment of Conviction and Sentence, entered on April 6, 2023, in the Circuit Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, September 18, 2024.

On the briefs:

Georgette Anne Yaindl
(Law Office of Georgette A.
Yaindl, LLLC)
for Defendant-Appellant.

Frederick M. Macapinlac,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge