**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000528
02-JUN-2026
07:54 AM
Dkt. 45 SO**

NO. CAAP-24-0000528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant, v.
JASON KAPENA WOOD, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-20-0000454)


**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

On March 10, 2020, a Third Circuit grand jury indicted Jason Kapena **Wood** on two counts of sexual assault in the first degree and two counts of kidnapping. The indictment alleged two incidents involving different complaining witnesses. The circuit court granted Wood's motion to sever. Counts 3 and 4 involving the second complaining witness (**CW**) were refiled under a new case number.

On April 26, 2024, Wood moved to dismiss counts 3 and 4. He argued they "fail to state an offense and are defective." The *Findings of Fact, Conclusions of Law and Order Granting Motion to Dismiss Counts 3-4 of the Indictment for Failure to State an Offense* was entered on July 2, 2024.[1] The **State** of Hawaiʻi appeals. We have jurisdiction under Hawaii Revised Statutes (**HRS**) § 641-13(1) (2016). We vacate and remand for further proceedings.

---

[1] The Honorable Robert D.S. Kim presided.

A charge is supposed "to safeguard an accused's fundamental right to know what they must defend against to avoid conviction." State v. Aquino, 154 Hawaiʻi 388, 393, 550 P.3d 1246, 1251 (2024). Its sufficiency is determined "by whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he or she must be prepared to meet." State v. Jardine, 151 Hawaiʻi 96, 100, 508 P.3d 1182, 1186 (2022) (cleaned up).

We review the dismissal of an indictment *de novo.* State v. Kaakimaka, 156 Hawaiʻi 302, 309, 574 P.3d 767, 774 (2025). In addition to the charge, we look at other information provided to the defendant "to the point where the court passes upon the contention that his right has been violated[,]" State v. Treat, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984), "to determine whether the defendant had actual knowledge of what the defendant alleges was missing from a charge." Kaakimaka, 156 Hawaiʻi at 313, 574 P.3d at 778.

### **Count 3**

HRS § 707-730 (2014) provides:

(1)   A person commits the offense of sexual assault in the first degree if:

(a)   The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

Count 3 alleged:

On or about the 5th day of April, 2014, in the County and State of Hawaiʻi, JASON KAPENA WOOD knowingly subjected [CW] to an act of sexual penetration by strong compulsion, thereby committing the offense of Sexual Assault in the First Degree, in violation of Section 707-730(1)(a), Hawaiʻi Revised Statutes, as amended.

"Strong compulsion" means the use of or attempt to use one or more of the following to overcome a person:

(1)   A threat, express or implied, that places a person in fear of bodily injury to the individual or another person, or in fear that the person or another person will be kidnapped;

(2)   A dangerous instrument; or

(3)   Physical force.

2

Wood argued the indictment was defective because count 3 failed to allege the statutory definitions of "bodily injury," "dangerous instrument," and "sexual penetration," and did not specify the kind of "sexual penetration" he allegedly perpetrated. HRS § 707-700 (2014) contains these definitions:

> "Bodily injury" means physical pain, illness, or any impairment of physical condition.
>
> . . . .
>
> "Dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.
>
> . . . .
>
> "Sexual penetration" means:
>
> (1) Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. As used in this definition, "genital opening" includes the anterior surface of the vulva or labia majora; or
>
> (2) Cunnilingus or anilingus, whether or not actual penetration has occurred.

The State argues that Wood had a copy of the grand jury transcripts. Its brief doesn't quote from the transcripts or identify where in the record they appear. We don't know what Wood could have learned from them.

The State argues that Wood attended the Hawaii Rules of Evidence Rule 104 hearing in the case involving the other complaining witness, during which CW testified about what Wood did to her. Its brief doesn't quote CW's testimony or identify where in the record the transcript appears. We don't know what Wood could have learned from hearing CW's testimony.

Wood did have a copy of CW's handwritten statement, which was sealed and filed with the State's memorandum opposing Wood's motion to dismiss. CW wrote:

> During a supervised visitation with Jason Wood ~~me and my children~~ I was kidnapped and raped this happened in 2014. . . . he entered my home ~~at K~~ and held me and my two kids against our will. Eventually he raped me all night until the morning. . . .
>
> When Jason was raping me all night long he pushed me down on the bed held me down with his body he would cover my mouth so I could not yell for help I could barely breathe. He forced his dick in my vagina and would thrust very hard and violently with his pubic bone hitting my pubic bone it felt like I was being killed down there. he would force with his arms ~~when he~~ my legs to be spread wide like I'm doing the splits. He ~~would~~ would say sick things about all the [unreadable] that fucks me and he would get more turned on and thrust with his dick in my vagina harder. He would drool all over me. He constantly would suffocate me to get me to fight for my life. He would get turned ~~off~~ on when I would struggle more. I would disassociate to not suffer. He slapped me to get more present so he could enjoy it more.

"The purpose of notice requirements is not . . . about what statutory definitions should be included in a charging document — it is, rather, to safeguard an accused's fundamental right to know what they must defend against to avoid conviction." Kaakimaka, 156 Hawaiʻi at 312, 574 P.3d at 777. CW's statement sufficiently apprised Wood of the manner of "strong compulsion" he is alleged to have used, and the particular "sexual penetration" he allegedly perpetrated. It "state[d] the species . . . and descend[ed] to particulars." Id. at 311, 574 P.3d at 776. The statutory definition of "dangerous instrument" was superfluous because CW did not claim Wood used a dangerous instrument. Under these circumstances, the circuit court erred by dismissing count 3.

### Count 4

HRS § 707-720 (2014) provides:

> (1) A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to:
>
>     . . . .
>
>     (c) Facilitate the commission of a felony or flight thereafter;
>
>     (d) Inflict bodily injury upon that person or subject that person to a sexual offense; [or]
>
>     (e) Terrorize that person or a third person[.]

4

Count 4 alleged:

> On or about the 5th day of April, 2014, in the County and State of Hawaiʻi, JASON KAPENA WOOD intentionally or knowingly restrained another person, [CW], with intent to facilitate the commission of a felony, to wit, felony sexual assault, or flight thereafter and/or inflict bodily injury upon [CW] and/or subject [CW] to a sexual offense and/or terrorize [CW] thereby committing the offense of Kidnapping, in violation of Section 707-720(1)(c), (d), and/or (e), Hawaiʻi Revised Statutes, as amended.

Wood argued count 4 failed to allege the statutory definition of "restrain" or allege the means used to "restrain" CW. HRS § 707-700 (2014) provides:

> "Restrain" means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty:
>
> (1) By means of force, threat, or deception; or
>
> (2) If the person is under the age of eighteen or incompetent, without the consent of the relative, person, or institution having lawful custody of the person.

CW's statement sufficiently apprised Wood of the force she claimed he used to restrain her while subjecting her to a sexual offense. Under these circumstances, the circuit court erred by dismissing count 4.

The July 2, 2024 *Findings of Fact, Conclusions of Law and Order Granting Motion to Dismiss Counts 3-4 of the Indictment for Failure to State an Offense* is vacated. This case is remanded to the circuit court for further proceedings not inconsistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 2, 2026.

On the briefs:

Kelden B.A. Waltjen,
Prosecuting Attorney,
Charles E. Murray III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant.

Keith S. Shigetomi,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge